120 T.C. No. 14

UNITED STATES TAX COURT

ESTATE OF AVROM A. SILVER, DECEASED, BONNY FERN SILVER, KENNETH
KIRSH, AND RONALD FAUST, EXECUTORS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10125-01.                    Filed May 14, 2003.

        D was not a citizen or resident of the United
States.  D's will provided for charitable bequests to
Canadian-registered charities.  These bequests were
paid solely out of funds and property located outside
the United States.

        <u>Held</u>:  A charitable deduction on the estate tax
return larger than that determined by respondent is not
allowed because the convention between the United
States and Canada, as amended by the 1995 Protocol,
requires that the bequests be funded from property
subject to the U.S. estate tax.  Revised Protocol
Amending the Convention With Respect to Taxes on Income
and Capital, Mar. 17, 1995, U.S.-Can., S. Treaty Doc.
104-4 (1995).

Edward C. Northwood, for petitioner.

Kevin M. Murphy, for respondent.

OPINION

VASQUEZ, Judge:  Respondent determined a deficiency of $105,325[1] in the Federal estate tax of the Estate of Avrom A. Silver (decedent).  The issue for decision is whether the estate of decedent, who was not a citizen of the United States and did not reside in the United States, is entitled to a charitable contribution deduction on the estate tax return (of more than the amount allowed by respondent) pursuant to the Revised Protocol Amending the Convention With Respect to Taxes on Income and Capital, Mar. 17, 1995, U.S.-Can., S. Treaty Doc. 104-4 (1995) (1995 Protocol).

Background

The parties submitted this case fully stipulated pursuant to Rule 122.[2]  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, the mailing address for the estate was in Toronto, Ontario, Canada.

---

[1]  Amounts are rounded to the nearest dollar.

[2]  All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Decedent, a citizen and resident of Canada, died on October 26, 1997. The executors of the estate are Bonny Fern Silver, Kenneth Kirsh, and Ronald Faust, none of whom resides in the United States.

Decedent's will provided for charitable bequests of $312,840 to Canadian-registered charities; these charities are organizations described in paragraph 1 of article XXI of the Convention With Respect to Taxes on Income and Capital, Sept. 26, 1980, U.S.-Can., art. XXI, par. 1, T.I.A.S. No. 11087, 1986-2 C.B. 258, 265 (the convention). The bequests were paid solely out of funds and property located outside the United States.

Decedent's gross estate in the United States consisted of 252,775 shares of Neuromedical Systems, Inc., valued at $516,268 on the alternate valuation date. See sec. 2104(a). The value of decedent's gross estate outside the United States was over $100 million.

Upon decedent's death, the estate filed a Form 706NA, United States Estate (and Generation Skipping Transfer) Tax Return (tax return). The estate claimed a charitable contribution deduction of $312,840 on the tax return.

In the notice of deficiency, respondent allowed a charitable contribution deduction of only $1,615. Respondent explained:

> The decedent's will, however, did not direct payment of
> the residuary charitable bequests exclusively from the
> U.S. assets. As a result, the charitable deduction is

limited to the proportionate part of the U.S. assets
that passes to the charitable legatees.

Respondent calculated the deduction as follows:  ($516,268/$100 million) x $312,840 = $1,615 (i.e., the value of U.S. assets over the value of worldwide assets multiplied by the amount of charitable bequests in issue).

Discussion

The estate argues that the value of decedent's charitable bequests is deductible in full pursuant to article XXIX B of the convention, as amended by the 1995 Protocol.  Respondent argues that only a proportional deduction is allowed because there is no direction in the will regarding which property is to be used to fund the bequests.

A decedent who is not a resident or citizen of the United States is subject to a tax on the transfer of the taxable estate which is situated in the United States at the time of the decedent's death (estate tax).  Secs. 2101, 2103.  Section 2106(a)(2)(A)(ii) allows a deduction from the value of the decedent's taxable estate for bequests to a domestic corporation organized and operated for charitable purposes.[3]  Further, this

---

[3]  This section provides, in relevant part:

SEC. 2106.  TAXABLE ESTATE

(a)  Definition of Taxable Estate.--For purposes
of the tax imposed by section 2101, the value of the
taxable estate of every decedent nonresident not a
(continued...)

deduction is limited to "transfers to corporations and associations created or organized in the United States, and to trustees for use within the United States".  Sec. 20.2106-1(a)(2)(i), Estate Tax Regs.; see sec. 2106(a)(2)(A)(ii).  This deduction may not exceed the value of the transferred property required to be included in the gross estate.  Sec. 2106(a)(2)(D).  Decedent did not make a bequest to a corporation or association created or organized in the United States; decedent made all relevant bequests to Canadian-registered organizations described in paragraph 1 of article XXI of the convention.[4]  We conclude

_____

[3](...continued)
citizen of the United States shall be determined by deducting from the value of that part of his gross estate which at the time of his death is situated in the United States--

            *   *   *   *   *   *   *

        (2)  Transfers for public, charitable, and religious uses.--

            (A)  In general.- The amount of all bequests, legacies, devises, or transfers * * *

            *   *   *   *   *   *   *

            (ii) to or for the use of any domestic corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * *.

    [4]  We note that the estate did not argue that the bequests, although made to Canadian-registered organizations, were ultimately used in the United States.  Cf. Estate of McAllister
                                          (continued...)

that the estate is not entitled to a deduction for the charitable bequests for more than the amount allowed by respondent.[5]

The 1995 Protocol added to the convention article XXIX B, paragraph 1,[6] which provides:

> Where the property of an individual who is a resident of a Contracting State passes by reason of the individual's death to an organization referred to in paragraph 1 of Article XXI (Exempt Organizations), the tax consequences in a Contracting State arising out of the passing of the property shall apply as if the organization were a resident of that State.

In the instant case, this provision takes precedence over the statute according to the "last-in-time" rule.[7]  Whitney v.

---

[4](...continued)
v. Commissioner, 54 T.C. 1407, 1415-1416 (1970) (bequest to Canadian foundation to be used for the benefit of Canadian students attending college in the United States).

[5]  Further, the regulations direct us to compute the deduction in the same manner as the one allowed under sec. 2055. Sec. 20.2106-1(a)(2), Estate Tax Regs.  A deduction is allowed from the gross estate of a decedent under sec. 2055(a) "for the value of property included in the decedent's gross estate and transferred by the decedent during his lifetime or by will". Sec. 20.2055-1(a), Estate Tax Regs.

[6]  We note that Canada does not impose an estate tax.  At death, the capital assets of a decedent are deemed to be disposed of, and any resulting gains generally are subject to Canadian income tax.  This provision in the 1995 Protocol was intended to coordinate U.S. estate tax provisions with the relevant provisions in the Canadian income tax.  S. Exec. Rept. 104-9, at 9-10 (1995).

[7]  The U.S. Supreme Court generally described the "last-in-time" rule as follows:

> By the Constitution a treaty is placed on the same footing, and made of like obligation, with an act of
>                                                   (continued...)

<u>Robertson</u>, 124 U.S. 190, 194 (1888); <u>Square D Co. & Subs. v.</u> <u>Commissioner</u>, 118 T.C. 299, 313 (2002). The estate argues that this paragraph in the 1995 Protocol overrides section 2106, allows the Canadian-registered charities to be treated as U.S. residents, and allows the estate the full charitable deduction. Respondent argues that the convention, as amended by the 1995 Protocol, does not change the result from that under section 2106.

With regard to interpreting the 1995 Protocol, we stated in <u>N.W. Life Assurance Co. of Can. v. Commissioner</u>, 107 T.C. 363, 378-379 (1996):

> The goal of convention interpretation is to "give the specific words of a * * * [convention] a meaning consistent with the genuine shared expectations of the contracting parties". <u>Maximov v. United States</u>, 299 F.2d 565, 568 (2d Cir. 1962), affd. 373 U.S. 49 (1963). Courts liberally construe treaties to give effect to their purpose. <u>United States v. Stuart</u>, 489 U.S. 353, 368 (1989); <u>Bacardi Corp. of Am. v. Domenech</u>, 311 U.S. 150, 163 (1940). * * * "Although not conclusive, the meaning attributed to treaty provisions by the

---

[7](...continued)
legislation. Both are declared by that instrument to be the supreme law of the land, and no superior efficacy is given to either over the other. When the two relate to the same subject, the courts will always endeavor to construe them so as to give effect to both, if that can be done without violating the language of either; but if the two are inconsistent, the one last in date will control the other, provided always the stipulation of the treaty on the subject is self-executing. * * *

<u>Whitney v. Robertson</u>, 124 U.S. 190, 194 (1888).

Government agencies charged with their negotiation and enforcement is given great weight". <u>United States v. Stuart</u>, <u>supra</u> at 369 (citing <u>Kolovrat v. Oregon</u>, 366 U.S. 187, 194 (1961)).

> * * * It is the role of the judiciary to interpret international conventions and to enforce domestic rights arising from them. See <u>Kolovrat v. Oregon</u>, 366 U.S. 187 (1961); <u>Perkins v. Elg</u>, 307 U.S. 325 (1939); <u>Charlton v. Kelly</u>, 229 U.S. 447 (1913); <u>United States v. Rauscher</u>, 119 U.S. 407 (1886). Tax treaties are purposive, and, accordingly, we should consider the perceived underlying intent or purpose of the treaty provision. See, e.g., <u>Estate of Burghardt v. Commissioner</u>, * * * [80 T.C. 705, 717 (1983), affd. without published opinion 734 F.2d 3 (3d Cir. 1984)] (treating a reference to a "specific exemption" in a U.S.-Italy estate tax treaty as not limited to an exemption as such, but included a subsequently enacted unified credit having the same function as an exemption); Smith, "Tax Treaty Interpretation by the Judiciary", 49 Tax Law. 845, 858-867 (1996). In addressing the issues of this case, we shall keep at the forefront our role in the interpretation of conventions.

We examine the underlying intent and purpose of the provision in the 1995 Protocol to clarify whether the relevant language of article XXIX B overrides section 2106 in this instance by treating the Canadian-registered charities at issue as U.S. residents, even though the bequests were funded by sources outside the United States.

The technical explanation accompanying the 1995 Protocol states:

> Under paragraph 1 of Article XXIX B, a U.S. estate tax deduction also will be allowed for a bequest by a Canadian resident (as defined under Article IV (Residence)) to a qualifying exempt organization that is a Canadian corporation. However, <u>paragraph 1 does not allow a deduction for U.S. estate tax purposes with</u>

<u>respect to any transfer of property that is not subject
to U.S. estate tax</u>.   [Emphasis added.]

Treasury Department Technical Explanation of the Protocol
Amending the Convention Between the United States of America and
Canada (June 13, 1995), 4 Roberts & Holland, Legislative History
of United States Tax Conventions 1366, 1403 (1996).[8]

Further, the Senate report from the Committee on Foreign
Relations states:

> The proposed revised protocol obligates Canada and
> the United States to treat a decedent's bequest to a
> religious, scientific, literary, educational, or
> charitable organization resident in the other country
> in the same manner as if the organization were a
> resident of the first country.  Thus, for U.S. estate
> tax purposes, a deduction generally is allowed for a
> bequest by a Canadian resident to a qualifying exempt
> organization resident in Canada, <u>provided the property
> constituting the bequest is subject to U.S. estate tax</u>.
> [Emphasis added.]

S. Exec. Rept. 104-9, at 10 (1995).[9]  These explanations clarify
that, to take advantage of article XXIX B of the 1995 Protocol,

---

[8]  The technical explanation is the "official guide to the
Protocol.  It explains policies behind particular provisions, as
well as understandings reached during the negotiations with
respect to the interpretation and application of the Protocol."
Treasury Department Technical Explanation of the Protocol
Amending the Convention Between the United States of America and
Canada (June 13, 1995), 4 Roberts & Holland, Legislative History
of United States Tax Conventions 1366 (1996).

[9]  We note that the Joint Committee on Taxation explanation
of the 1995 Protocol provides further support that a deduction is
allowed for U.S. estate tax purposes provided the property
constituting the bequest is subject to U.S. estate tax.  Joint
Comm. on Taxation, Explanation of Proposed Protocol to the Income
Tax Treaty Between the United States and Canada, at 9 (J. Comm.
Print 1995).

the bequest must have been made from property that is subject to the U.S. estate tax.

The parties stipulated that the bequests were paid solely out of funds and property located outside the United States. The funds used to pay the bequests were, therefore, not subject to the estate tax in the United States. Secs. 2101, 2103. We conclude that the convention, as amended by the 1995 Protocol, does not change the result from that under section 2106 in this instance. Accordingly, we sustain respondent's determination.

In reaching our holding herein, we have considered all arguments made, and to the extent not mentioned above, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.