T.C. Summary Opinion 2009-183

UNITED STATES TAX COURT

NANCY BADAYOS MAGIMOT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1590-08S.          Filed December 3, 2009.

<u>Keith S. Blair</u>, <u>John B. Snyder</u>, and Jean Hartman (student),
for petitioner.

<u>Noelle C. White</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard under the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $9,454 for 2003 and $8,856 for 2004. The issue for decision is whether petitioner was eligible for an exemption from income tax in 2003 and 2004 under the Convention With Respect to Taxes on Income, U.S.-Phil., art. 21, Oct. 1, 1976, 34 U.S.T. 1277 (article 21).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When petitioner filed her petition, she resided in Maryland.

Petitioner electronically filed Forms 1040, U.S. Individual Income Tax Return, for 2003 and 2004. On Schedule A, Itemized Deductions, for 2003, she deducted $1,548 of State and local income taxes and $55,174 of income as tax exempt under article 21. On Schedule A for 2004, she deducted $1,319 of State and local income taxes and $55,096 of income as tax exempt under article 21.

On November 2, 2007, respondent issued to petitioner a notice of deficiency disallowing the article 21 deductions for

2003 and 2004 and the State and local income tax deduction for 2004.[1]

Petitioner is a citizen of the Philippines and is trained as an educator with teaching experience in both the United States and the Philippines. In 2002 the Ravenswood City School District (Ravenswood) in California interviewed her in the Philippines and hired her to teach in the United States. Petitioner agreed to teach at Ravenswood and signed a 3-year teaching contract. The Amity Institute (Amity), a nonprofit organization that sponsors international educators to teach at schools in the United States, agreed to sponsor petitioner's teaching visa for a 3-year term. On May 13, 2002, petitioner signed a 3-year contract with Amity for its services.

Petitioner then applied for an exchange visitor (J-1) visa, requesting a 3-year period from July 25, 2002, through July 24, 2005. She was issued a visa effective June 3, 2002, through July 24, 2005.

Petitioner arrived in the United States on August 9, 2002, and from August 2002 through June 2006 she taught at Ravenswood. In 2003 and 2004 petitioner earned $55,174 and $55,096, respectively, and on Schedule A she reported a miscellaneous itemized deduction of $55,174 for 2003 and $55,096 for 2004.

---

[1]Respondent also disallowed the standard deduction for 2003. Respondent concedes that petitioner is entitled to the standard deduction for both 2003 and 2004.

For 2003 and 2004 respondent determined that petitioner's Ravenswood salary was taxable income.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner.  Petitioner has not alleged that section 7491 is applicable, nor has she established compliance with the requirements of section 7491(a)(2)(A).  Therefore, the burden of proof does not shift to respondent.

The interpretation of treaty provisions must begin with the language of the treaty.  N.W. Life Assurance Co. of Can. v. Commissioner, 107 T.C. 363, 378-379 (1996).  The role of the judiciary in interpreting treaty provisions is to decide their underlying intent or purpose.  Estate of Silver v. Commissioner, 120 T.C. 430, 434 (2003).  The Court therefore will begin its analysis by examining the treaty itself.  Article 21, Teachers, provides:

> (1) Where a resident of one of the Contracting States is invited by the Government of the other Contracting State, a political subdivision or local authority thereof, or by a university or other recognized educational institution in that other Contracting State to come to that other Contracting State for a period not expected to exceed 2 years for the purpose of teaching or engaging in research, or both, at a university or other recognized educational

institution and such resident comes to that other Contracting State primarily for such purpose, his income from personal services for teaching or research at such university or educational institution shall be exempt from tax by that other Contracting State for a period not exceeding 2 years from the date of his arrival in that other Contracting State.

Respondent contends that petitioner fails to qualify for benefits under article 21 because she did not establish that she came to the United States "for a period not expected to exceed 2 years for the purpose of teaching".  In support, respondent cites the Treasury Department Technical Explanation of article 21.  Treasury Department Technical Explanation of the Convention Between the United States and the Philippines, 1984-2 C.B. 412, 424 (Treaty explanation).  The Treaty explanation for article 21 states that "if the period of the visit had been expected to exceed two years then the exemption does not apply to any of the income earned."  Id.  The plain language and the Treaty explanation of article 21 specify that petitioner must establish that she agreed to teach in the United States "for a period not expected to exceed 2 years".  Id.

In support of her contention that she did not expect her stay in the United States to exceed 2 years, petitioner alleges that the length of the Amity contract and the term of her visa stay are not indicative of her expectation.  She asserts that she was required to sign a 3-year contract with Amity because Amity

did not offer contract terms for less than 3 years and she was unaware that she could request a visa for less than 3 years.

Petitioner testified that she did not expect to remain in the United States for over 2 years. During her first 2 years in the United States her family remained in the Philippines, and she visited them during her winter and summer breaks. She signed only yearly apartment leases in the United States, and in 2004 she purchased a home in the Philippines.

Notwithstanding whether petitioner had a choice regarding the length of the Amity contract, she signed the contract. The contract indicates that she expected to remain in the United States for a period to exceed 2 years. Petitioner alleges that had she not signed the contract, she would not have been able to teach in the United States. But she did not provide the Court with any credible evidence, beyond her testimony, demonstrating that it was Amity's policy to restrict contract offers to a 3-year term. By signing a 3-year contract, petitioner acknowledged that she would stay in the United States for more than 2 years. Without more, the Court cannot find that she expected to remain in the United States for less than 2 years.

In addition, petitioner applied for a visa and requested a 3-year term, indicating that she would remain in the United States for over 2 years. The Amity contract and petitioner's request for a visa, both of which were in effect for a 3-year

period, indicate that petitioner expected to stay in the United States for more than 2 years.

The record also indicates that Ravenswood expected petitioner to teach at the school for 3 years under their agreement.

The foregoing evidence indicates that all parties involved-- petitioner, Amity, and Ravenswood--expected petitioner's stay in the United States to extend for more than 2 years.  Therefore petitioner is not entitled to the benefit under article 21, and respondent's determination is sustained.

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, or moot.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.